■ JOSEPH SAWYER et al., Respondents, v NEW YORK SEVEN-UP BOTTLING Co., Appellant, et al., Defendants. GLENSHAW GLASS Co., INC., Third-Party Plaintiff, v GREAT ATLANTIC AND PACIFIC TEA Co., INC., Third-Party Defendant.—Order, Supreme Court, New York County, entered on January 16, 1978, denying defendant Bottling's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, the motion granted, and the complaint dismissed and the action severed as to defendant-appellant. Appellant shall recover of respondents $60 costs and disbursements of this appeal. On July 3, 1973, plaintiff Joseph Sawyer was injured by an exploding bottle of Seven-Up. At the time, he was employed by third-party defendant "The Great Atlantic and Pacific Tea Co." (A & P), at its retail store located in Fryeburg, Maine. The present action was brought to recover on theories of negligence, breach of warranty and strict tort liability. The defendant "The Seven-Up Company" had issued franchises to defendants "New York Seven-Up Bottling Co." (Bottling) and "Seltzer & Rydholm, Inc." (Seltzer). Defendant Bottling's franchise was limited to Bronx, Westchester, Rockland, Dutchess, Putnam and Orange Counties in the State of New York and to Fairfield, Litchfield and New Haven Counties in the State of Connecticut. Defendant Seltzer's franchise covered the southern portion of Maine including the A & P store located in Fryeburg. Defendant Glenshaw Glass Co., Inc. (Glenshaw) was a manufacturer of Seven-Up bottles. Defendant Bottling's instant motion for summary judgment dismissing the complaint as against it was based primarily on the proof adduced at the examination before trial of Morris Haney, Bottling's vice-president, and George Cotton, Seltzer's vice-president. Those examinations revealed that Bottling never used the class of bottle involved in this explosion. Moreover, the notation on the cap indicated that the bottle was filled by Seltzer. The identification lettering and numbering on the bottle indicated that the bottle was manufactured by Glenshaw. This class of bottle had been ordered from Glenshaw by Seltzer for use during 1973 and the five-year period prior thereto. In the face of the foregoing evidence that strongly suggested that the subject bottle was distributed by Seltzer in its own territory rather than Bottling outside its territory, counsel for plaintiff submitted an affidavit that was of no probative value. (Di Sabato v Soffes, 9 AD2d 297, 301.) Viewed upon the whole, the evidence conclusively demonstrated that Bottling was in no way responsible for this explosion. Hence,

the complaint fails to state a cause of action as against it. Plaintiffs' argument, that this motion is barred by the "law of the case", was not raised below and will not be considered for the first time on appeal. *(Maguire Leasing Corp. v Falb & Co.,* 49 AD2d 540.) Concur—Murphy, P. J., Birns, Silverman, Evans and Fein, JJ.