■ MARLENE S. TUCKER, as Guardian ad Litem of EDWARD SMIETANA, Respondent, v COCA-COLA BOTTLING COMPANY OF BUFFALO, INC., et al., Appellants, and THOMAS C. DAVIS, Respondent, et al., Defendant. MARLENE S. TUCKER, as Guardian ad Litem of EDWARD SMIETANA, Respondent, v JOHN ZACH, Respondent, and M. PASSUCCI, INC., Formerly Known as M. PASSUCCI GENERAL CONSTRUCTION, INC., Appellant. [695 NYS2d 648] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants Coca-Cola Bottling Company of Buffalo,

Inc. (Coca-Cola), Allentown Village Society, Inc. (AVS), City of Buffalo (City) and M. Passucci, Inc., formerly known as M. Passucci General Construction, Inc. (Passucci), appeal from Supreme Court's denial of their respective motions for summary judgment. Because triable issues of fact are presented, the court properly denied the motions of Coca-Cola, AVS and the City. The court erred, however, in denying Passucci's motion.

Plaintiff commenced these actions as guardian ad litem for Edward Smietana, who was injured on June 9, 1990 at approximately 4:00 A.M. when he partially fell out of a jeep in which he was riding and struck his head on the road pavement or on an illegally parked trailer owned by Coca-Cola. The jeep, which was driven by defendant Thomas C. Davis, did not have doors or a roof. Davis was intoxicated at the time of the accident.

The record establishes that the trailer was parked perpendicular to the northbound lane of Delaware Avenue, where it had been used during the day at the 33rd Annual Allentown Outdoor Art Festival. At the close of the day's festivities, neither Coca-Cola nor AVS, the sponsor of the festival, moved the trailer before the City reopened the street for motor vehicle traffic. At the time of the accident Passucci was in the process of reconstructing Delaware Avenue.

The record also establishes that, because of the festival, Passucci had removed three signs warning motorists that Delaware Avenue narrowed and curved to the right. Furthermore, in reconstructing Delaware Avenue, Passucci reduced the width of the north lane of traffic to a width less than that set forth in the specifications. Passucci moved for summary judgment dismissing all claims and cross claims against it, asserting that, even if it were negligent in removing the warning signs or reducing the width of the lane, that negligence was not a proximate cause of the accident. In support thereof, Passucci noted that Davis testified at an examination before trial that he never saw any signs, although permanent signs were displayed, and that he saw the trailer only at the last moment and swerved sharply to avoid it. Davis also stated that he entered the far right lane of Delaware Avenue and never changed lanes until the accident. Moreover, he stated that he had no difficulty seeing the road ahead of him and yet did not notice the trailer in his lane until he was about to collide with it.

We conclude that any negligence by Passucci at the construction site was not a proximate cause of the accident. Rather, the

construction site merely furnished the condition or occasion for the accident and was not one of its causes (*see, Margolin v Friedman*, 43 NY2d 982; *Esposito v Rea*, 243 AD2d 536). Consequently, we modify the order by granting the motion of Passucci and dismissing all claims and cross claims against it. (Appeals from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.