■ Daria K. Prystajko, Respondent-Appellant, v Western New York Public Broadcasting Association, Appellant-Respondent, et al., Defendants. [871 NYS2d 556]—

Memorandum: Plaintiff commenced two actions, which were thereafter consolidated, seeking damages for injuries she sustained when the motor vehicle she was operating collided with a vehicle operated by defendant James W. Connors, an employee of Western New York Public Broadcasting Association (defendant). It is undisputed that Connors backed his vehicle into plaintiff's vehicle in an attempt to avoid a collision with a vehicle that was backing away from a lift gate at a parking lot owned by defendant. Connors was attempting to drive home from work at the time of the accident. Supreme Court granted that part of the motion of defendant for summary judgment dismissing the cause of action based on the doctrine of respondeat superior and denied that part of the motion of defendant with respect to the negligence cause of action against it. We affirm.

Addressing first defendant's appeal, we reject defendant's contention that the court erred in amending its original order. According to the amended order and a statement of defendant in its brief on appeal, the original order had granted defendant's motion in its entirety, and the court amended its underlying memorandum and order in response to a letter from plaintiff's attorney. The letter, which is included in the record on appeal, states that plaintiff had two theories of liability, i.e., respondeat superior and the primary negligence of defendant, but the court

in its original memorandum did not address plaintiff's second theory of liability. In its amended memorandum, the court addressed that second theory, determining that there is an issue of fact whether a vehicle backing into plaintiff's vehicle was a foreseeable consequence of a malfunctioning gate even if the malfunctioning constituted negligence, and that there is a further issue of fact whether defendant was aware of "the gate problem prior to the accident." It is a well established principle that "[e]very court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made" (*Aridas v Caserta,* 41 NY2d 1059, 1061 [1977]; *see Myers v T.C. Serv. of Spencerport, Inc.,* 16 AD3d 1105, 1105 [2005]), and we conclude that the court did not err in doing so in this case.

Contrary to the further contention of defendant with respect to the negligence cause of action against it, we conclude that defendant failed to establish its entitlement to judgment as a matter of law and thus that the court properly denied that part of its motion. " 'Questions concerning foreseeability and proximate cause are generally questions for the jury' " (*Paul v Cooper,* 45 AD3d 1485, 1487 [2007]; *see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784, 829 [1980]). By its own submissions, defendant raised triable issues of fact whether the allegedly malfunctioning lift gate was a proximate cause of the accident and whether the alleged intervening acts were foreseeable (*see generally Derdiarian,* 51 NY2d at 315).

We conclude with respect to plaintiff's cross appeal that the court properly granted that part of the motion seeking summary judgment dismissing the cause of action based on the doctrine of respondeat superior. Under that doctrine, " 'an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his [or her] employment' " (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1131 [2008], quoting *Lundberg v State of New York,* 25 NY2d 467, 470 [1969], *rearg denied* 26 NY2d 883 [1970]). "The doctrine of respondeat superior as it relates to an employee using his or her vehicle applies only where the employee is under the control of his or her employer from the time that the employee enters his or her vehicle at the start of the workday until the employee leaves the vehicle at the end of the workday as in the case, for example, of a traveling salesperson or repairperson" (*Swierczynski v O'Neill* [appeal No. 2], 41 AD3d 1145, 1146-1147 [2007], *lv denied* 9 NY3d 812 [2007]). Here, it is undisputed that Connors was returning home at the time of the accident and was not acting in furtherance of any duty owed to defendant, nor was he under defendant's control. We therefore

conclude that defendant met its burden of establishing as a matter of law that it may not be held vicariously liable under the doctrine of respondeat superior (*see id.* at 1147), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

All concur except Scudder, P.J., and Peradotto, J., who dissent in part and vote to modify in accordance with the following memorandum:

Scudder, P.J., and Peradotto, J. (dissenting in part). We respectfully dissent in part inasmuch as we cannot agree with the majority that Supreme Court properly denied that part of the motion of Western New York Public Broadcasting Association (defendant) for summary judgment dismissing the negligence cause of action against it. In our view, the inoperable lift gate "merely furnished the condition or occasion for the [accident] but was not one of its causes" (*Wechter v Kelner*, 40 AD3d 747, 748 [2007], *lv denied* 9 NY3d 806 [2007] [internal quotation marks omitted]; *see Schiff v Possemato*, 25 AD3d 839 [2006]; *Tucker v Coca-Cola Bottling Co. of Buffalo*, 265 AD2d 819, 820-821 [1999]). Even assuming, arguendo, that the lift gate did not operate because of defendant's negligence, we conclude that neither the version of events as set forth by plaintiff or by defendant James W. Connors supports a finding that defendant's negligence was a proximate cause of the accident. Indeed, it was not reasonably foreseeable that a driver would back into a stopped motor vehicle in the parking lot in order to permit the vehicle at the exit to maneuver away from the exit, which is plaintiff's version of the events. Nor, according to Connors' version of the events, was it foreseeable that a driver would operate his or her vehicle without headlights and drive into a vehicle that was backing up in order to permit a third vehicle at the exit to maneuver away from the exit. We therefore would modify the amended order by granting the motion of defendant in its entirety and dismissing the complaint against it. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.