■ PAUL THOMAS ZULAWSKI, JR., Appellant, v RICHARD TAYLOR et al., Respondents, et al., Defendant. (Appeal No. 1.) [879 NYS2d 754]—Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 4, 2008 in an action for, inter alia, breach of contract. The order granted the motion of defendants Richard Taylor and Patricia Hartner to strike plaintiff's demand for a jury trial.

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered July 28, 2008 in an action for, inter alia, breach of contract. The order and judgment granted the motion of defendants Richard Taylor and Patricia Hartner and the motion of defendants Donald G. Powell, Esq. and Zdarsky, Sawicki & Agostinelli for summary judgment dismissing the complaint against them.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying in part the motion of defendants Richard Taylor and Patricia Hartner and reinstating the second and seventh causes of action and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for his allegedly wrongful "expulsion" from defendant Thomas Design Gallery, LLC (TDG), of which he was a member, pursuant to the company's Operating Agreement. The

agreement provides in relevant part that "[a] member may be expelled and his Membership interest in [TDG] forfeited . . . for . . . engaging, or attempting to engage in a transaction, which utilizes or contemplates the use of the products and services provided by [TDG] in the ordinary course of business for one's personal benefit or for the benefit of another entity." We agree with plaintiff that Supreme Court erred in granting that part of the motion of defendants Richard Taylor and Patricia Hartner for summary judgment dismissing the second cause of action, alleging that Taylor breached TDG's Operating Agreement, and we therefore modify the order and judgment accordingly. That part of the motion was supported only by the " 'conclusory, unsubstantiated assertions' " of Taylor, which are insufficient to establish entitlement to the relief sought by those defendants with respect to that cause of action (*Towner Living Trust v Lottermoser*, 56 AD3d 1275, 1276 [2008]).

We further conclude that the court erred in granting that part of the motion of Taylor and Hartner for summary judgment dismissing the seventh cause of action against Hartner, for slander, and we therefore further modify the order and judgment accordingly. "Whether a statement constitutes pure opinion or an actionable factual assertion is a question of law for the court in the first instance and must be answered on the basis of what the reasonable listener would understand the statement to mean" (*Rossi v Attanasio*, 48 AD3d 1025, 1027 [2008]). Here, Hartner allegedly commented to vendors in plaintiff's industry that plaintiff "scam[med]" people to avoid payment of his business debts. Although those comments were mixed statements of opinion and fact, the vendors could reasonably infer, in light of Hartner's working relationship with plaintiff, that such statements were "based upon certain facts known to [Hartner] that are undisclosed to the [vendors] and are detrimental to [plaintiff]" (*id.*). We conclude that Taylor and Hartner failed to meet their initial burden of "establish-[ing] a defense of justification or privilege sufficient[ ] to warrant judgment as a matter of law" with respect to that cause of action (*Russo v Padovano*, 84 AD2d 925, 926 [1981]).

We reject plaintiff's contention, however, that the court erred in granting the motion of defendants Donald G. Powell, Esq. and Zdarsky, Sawicki & Agostinelli for summary judgment dismissing the complaint against them. Those defendants met their initial burden of establishing that any alleged legal malpractice on their part was not a proximate cause of plaintiff's damages (*see Barbara King Family Trust v Voluto Ventures LLC*, 46 AD3d 423, 424 [2007]), and plaintiff failed to raise a triable

issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We have reviewed plaintiff's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.