■ THE NEW KAYAK POOL CORPORATION, Now Known as KAYAK POOL CORPORATION, et al., Respondents, v KAVINOKY COOK LLP, Appellant, and HODGSON RUSS, LLP, Respondent. [902 NYS2d 497]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 7, 2009 in a legal malpractice action. The order denied the motion of defendant Kavinoky Cook LLP for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action seeking damages arising from defendants' alleged malpractice in failing to ascertain the existence of insurance coverage for the parties sued by plaintiffs in the underlying trademark infringement action. The same attorney represented plaintiffs throughout the course of that action. That attorney began representing plaintiffs in 1999 when he was a partner in defendant Kavinoky Cook LLP (Kavinoky). When he subsequently joined

defendant Hodgson Russ, LLP (Hodgson), plaintiffs executed a consent to change attorney form in June 2003, thereby substituting Hodgson for Kavinoky as plaintiffs' attorney of record in the underlying action. That action settled in February 2004 and the instant action was commenced in January 2007.

Supreme Court properly denied the motion of Kavinoky seeking summary judgment dismissing the amended complaint and cross claims against it. Kavinoky contends that the action against it is time-barred because it was commenced more than three years after the attorney in question left Kavinoky and the consent to change attorney form was executed by plaintiffs (*see* CPLR 214 [6]). We reject that contention inasmuch as the statute of limitations was tolled by the doctrine of continuous representation during the time that the same attorney represented plaintiffs in the underlying action (*see Waggoner v Caruso*, 68 AD3d 1, 7 [2009], *affd* 14 NY3d 874 [2010]; *HNH Intl., Ltd. v Pryor Cashman Sherman & Flynn LLP*, 63 AD3d 534, 535 [2009]). We further conclude that Kavinoky failed to meet its burden of establishing as a matter of law that any alleged negligence on its part was not a proximate cause of plaintiffs' damages (*cf. Zulawski v Taylor* [appeal No. 2], 63 AD3d 1552, 1553-1554 [2009]). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.