TERESA MAKSIMIAK, Appellant, v SCHWARTZAPFEL NOVICK TRUHOWSKY MARCUS, P.C., et al., Respondents. [919 NYS2d 330]—

The motion court properly determined that plaintiff failed to state a cause of action for legal malpractice. The documentary evidence established that plaintiff's successor counsel had sufficient time and opportunity to adequately protect plaintiff's rights. Indeed, plaintiff's English counsel timely commenced a lawsuit in England based on the underlying motor vehicle accident that occurred in England. Accordingly, defendants' alleged negligence cannot be considered a proximate cause of plaintiff's alleged injury (*see Somma v Dansker & Aspromonte Assoc.*, 44 AD3d 376 [2007]).

The court also properly dismissed plaintiff's claim under Judiciary Law § 487. Plaintiff's allegations of deceit are belied by the record, and she failed to allege that she sustained damages as a result of defendants' conduct (*see Havell v Islam*, 292 AD2d 210 [2002]).

We have considered plaintiff's remaining arguments and find

them unavailing. Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.