# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

500

CA 11-02213

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.


BETHANNE M. HAHN AND DOUGLAS HAHN,
PLAINTIFFS-RESPONDENTS,

                          V                                    MEMORANDUM AND ORDER

TOPS MARKETS, LLC, ET AL., DEFENDANTS,
CONCEPT CONSTRUCTION CORPORATION AND
INDUSTRIAL POWER AND LIGHTING CORP.,
DEFENDANTS-APPELLANTS.
----------------------------------------
TOPS MARKETS, LLC, THIRD-PARTY
PLAINTIFF-RESPONDENT,

                          V

CONCEPT CONSTRUCTION CORPORATION,
THIRD-PARTY DEFENDANT-APPELLANT.


RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MELISSA
VINCTON OF COUNSEL), FOR DEFENDANT-APPELLANT CONCEPT CONSTRUCTION
CORPORATION AND THIRD-PARTY DEFENDANT-APPELLANT.

CAPEHART & SCATCHARD, P.A., ELMIRA (MATTHEW R. LITT OF COUNSEL), FOR
DEFENDANT-APPELLANT INDUSTRIAL POWER AND LIGHTING CORP.

DIXON & HAMILTON, LLP, GETZVILLE (DENNIS P. HAMILTON OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-RESPONDENT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.


     Appeals from an order of the Supreme Court, Erie County (Russell
P. Buscaglia, A.J.), entered July 13, 2011 in a personal injury
action.  The order, insofar as appealed from, denied the motions of
Concept Construction Corporation and Industrial Power and Lighting
Corp. for summary judgment.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Bethanne M. Hahn (plaintiff) while shopping at a
supermarket owned by defendant-third-party plaintiff Tops Markets, LLC
(Tops).  Plaintiff was injured when she was pushing a shopping cart

down an aisle and a front wheel on the cart became stuck in a small hole in the floor. The hole in the floor was an uncovered electrical box that plaintiff did not see before the accident. When the wheel got caught in the hole, the cart abruptly stopped and began to tip over. Plaintiff allegedly injured her shoulder and back when she grabbed the cart to prevent its contents from spilling onto the floor. Although the store was undergoing significant renovations during the time period surrounding the accident, no work was being performed at the time the accident occurred, i.e., on the weekend. Defendant-third-party defendant Concept Construction Corporation (Concept) was the general contractor hired by Tops for the renovation project, defendant Industrial Power and Lighting Corp. (Industrial) was a subcontractor hired by Concept to perform electrical work and defendant Antonicelli Const., Inc. (Antonicelli) was a contractor hired directly by Tops to remove and replace aisle shelving. Tops commenced a third-party action against Concept seeking indemnification.

Following discovery, Concept moved for summary judgment dismissing the amended complaint and all cross claims against it and the third-party complaint, contending that it owed no duty of care to plaintiff and that its conduct was not the proximate cause of her injuries. Industrial also moved for summary judgment dismissing the amended complaint and all cross claims against it on the ground that its conduct was not the proximate cause of plaintiff's injuries. According to both Concept and Industrial, Antonicelli was solely responsible for the uncovered electrical box. In support of its motion, Concept argued that, because Tops hired Antonicelli and Concept did not supervise or control Antonicelli's work, Concept could not be held liable for injuries caused by the negligence of Antonicelli. Concept and Industrial appeal from an order insofar as it denied their motions. We affirm.

Even assuming, arguendo, that Industrial established its entitlement to judgment as a matter of law, we conclude that plaintiff submitted sufficient evidence in opposition to Industrial's motion to raise an issue of fact whether Industrial, rather than Antonicelli, was responsible for leaving the electrical box uncovered (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The evidence submitted by plaintiff also raised issues of fact regarding which party was responsible for ensuring that the electrical box was covered and which party was responsible for ensuring that the area in question was free from dangerous conditions. We reject Industrial's contention that Supreme Court erred in denying its motion on the ground that its conduct was not the proximate cause of the accident. We note that, " '[a]s a general rule, issues of proximate cause[, including superceding cause,] are for the trier of fact' " (*Bucklaew v Walters*, 75 AD3d 1140, 1142; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312, *rearg denied* 52 NY2d 784, 829), and this case does not present an exception to the general rule. Although "[t]here are certain instances . . . where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law" (*Derdiarian*, 51 NY2d at 315), here, we conclude that more than one conclusion may be drawn from the

established facts.

        We reject Concept's contention that the court erred in denying
those parts of its motion for summary judgment dismissing the amended
complaint and all cross claims against it on the ground that it owed
no duty to plaintiff.  We conclude that, although Concept met its
initial burden on those parts of the motion, plaintiff raised an issue
of fact whether Concept, in failing to ensure that the hole was
covered or that the dangerous condition was cured, thereby
" 'launche[d] a force or instrument of harm' " (*Espinal v Melville
Snow Contrs*., 98 NY2d 136, 140), "or otherwise made the construction
area 'less safe than before the construction project began,' " and
thus owed a duty to plaintiff (*Golisano v Keeler Constr. Co., Inc*., 74
AD3d 1915, 1916).  Finally, we conclude that the court properly denied
Concept's motion insofar as it sought summary judgment dismissing the
third-party complaint.

Entered:  April 27, 2012                      Frances E. Cafarell
                                              Clerk of the Court