■ G & M REALTY, L.P., Respondent, v JESSE MASYR et al., Appellants. [948 NYS2d 256]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about February 9, 2012, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

The motion court correctly found that defendants failed to demonstrate as a matter of law that they did not represent plaintiff continuously and that the statute of limitations on this legal malpractice action therefore was not tolled (see *McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]). The record shows that defendants represented plaintiff through May 2008 with respect to the development of plaintiff's Long Island City property through land use rezoning to increase the permissible floor-to-area ratio. Initially, plaintiff acquired a special permit for commercial development. After that permit expired, plaintiff applied for a residential permit. Defendants failed to demonstrate that the residential permit application was a matter separate and distinct from the commercial special permit application, despite the requirement of filing entirely different plans.

Nonetheless, the complaint must be dismissed because plaintiff failed to show that any negligence on defendants' part proximately caused it to be unable to exploit the commercial permit (see *Leder v Spiegel*, 31 AD3d 266, 267-268 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]; *Brooks v Lewin*, 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]).

Plaintiff's principal, Gerald Wolkoff, testified that during the time the commercial special permit was in force, he would not have started construction without having secured a 600,000-square-foot tenant. He also testified that until the time he decided, for market reasons, to develop the building for residen-

tial rather than commercial use, he did not have a single entity committed to becoming a commercial tenant. Hence, before it made its independent, market-based decision to pursue residential development, plaintiff was never in a position to exploit the commercial permit. Thus, even assuming defendants were negligent in failing to inform plaintiff that the commercial permit would lapse unless renewed, their negligence did not cause plaintiff any loss. Wolkoff's testimony that, even without any tenants, he would have proceeded with the commercial project if he had known that the permit was of finite duration fails to raise a genuine issue of fact. The testimony directly conflicts with his testimony that he would not have commenced construction without a commitment for a 600,000-square-foot tenant (*see Schwartz v JPMorgan Chase Bank, N.A.*, 84 AD3d 575, 577 [2011]).

Plaintiff also failed to submit nonspeculative evidence in support of its damages claims (*see Leder*, 31 AD3d at 268; *Dweck Law Firm v Mann*, 283 AD2d 292, 294 [2001]). Plaintiff claims damages of more than $73 million, based on the loss of the right to construct an additional 366,465 square feet of floor area on the property, the claimed market value of which was $150 to $200 per square foot. However, the only source plaintiff gives for these figures is Wolkoff's opinion, and it identifies no factual support therefor in the record.

Plaintiff claims further that it incurred several hundred thousand dollars in professional expenses to pursue the residential permit. However, as indicated, the record demonstrates that plaintiff made an independent, market-based decision to pursue residential development of the property. Defendants established, through the uncontroverted report of their expert architect, that plaintiff could not have proceeded with a residential development under the commercial special permit. Thus, plaintiff would have had to file a new application and incur additional fees to pursue a residential development regardless of defendants' alleged negligence. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.