# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**395**
**CA 13-00949**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

VAL TECH HOLDINGS, INC., PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

WILSON MANIFOLDS, INC., DEFENDANT-RESPONDENT.

---

HARRIS BEACH PLLC, PITTSFORD (PHILIP G. SPELLANE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 13, 2013. The order, among other things, denied the motion of plaintiff for summary judgment dismissing defendant's counterclaims and granted the cross motion of defendant for leave to serve a second amended answer and counterclaims.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion to strike defendant's demand for punitive damages and denying that part of defendant's cross motion for leave to serve a second amended answer to add a counterclaim for breach of the implied covenant of good faith and fair dealing, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of a written contract. Pursuant to the contract, in return for the payment of $275,000, plaintiff was to fabricate plastic injection molds for the production of specialty intake manifold parts for high performance automobile engines and resale by defendant to retail consumers. In its amended answer, defendant asserted counterclaims for, inter alia, breach of contract, seeking consequential damages in the form of lost profits. Plaintiff moved for summary judgment dismissing defendant's counterclaims, which sought $16 million in consequential damages, plus punitive damages, and defendant cross-moved for leave to serve a second amended answer with, inter alia, counterclaims for breach of the implied covenant of good faith and fair dealing and fraud. Supreme Court denied plaintiff's motion and granted defendant's cross motion. We note at the outset that we agree with plaintiff that this agreement for the sale of "specialty manufactured goods" is governed by New York's version of the Uniform Commercial Code (*see* UCC 2-105 [1]).

As relevant on appeal, we conclude that Supreme Court properly denied plaintiff's motion to the extent that it sought summary judgment dismissing the counterclaim for breach of contract, which seeks consequential damages. Under the circumstances presented here, lost profits are a form of consequential damages recoverable if "the seller at the time of contracting had reason to know of them and which could not reasonably be prevented by cover or otherwise" (UCC 2-715 [2] [a]). "The rule that damages must be within the contemplation of the parties is a rule of foreseeability. The party breaching the contract is liable for those risks foreseen or which should have been foreseen at the time the contract was made. The breaching party need not have foreseen the breach itself, however, or the particular way the loss came about. It is only necessary that loss from a breach is foreseeable and probable" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403).

Although the written contract is silent with respect to damages, we apply a "commonsense rule" to determine "what the parties would have concluded had they considered the subject" (*Kenford Co. v County of Erie*, 67 NY2d 257, 262). Knowledge of resale is one of the factors of which the "seller at the time of contracting had reason to know" within the meaning of UCC 2-715 (2) (a). Applying these rules, we conclude that plaintiff failed to meet its initial burden of establishing as a matter of law that lost profits were not within the contemplation of the parties at the time the contract was made (*see Kenford Co.*, 67 NY2d at 262). Here, there is no dispute that plaintiff knew at the time the contract was made that defendant needed the molds for production and immediate resale of the specialty parts (*see Fruition, Inc. v Rhoda Lee, Inc.*, 1 AD3d 124, 125). Although plaintiff contends that defendant failed to state that an agreement for lost profits was in fact reached or identify when the purported agreement was consummated, the test that the parties must have reached some sort of "tacit agreement" with respect to the recovery of lost profits has been specifically rejected by the drafters of the Uniform Commercial Code (*see* UCC 2-715, Official Comment 2; *see also Biotronik A.G. v Conor Medsystems Ireland, Ltd.*, 22 NY3d 799, ___). Moreover, "[i]t is well established . . . that '[a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (*Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903).

In any event, we agree with defendant that it alleged facts in opposition to the motion from which it could be determined that lost profits were within the contemplation of the parties and thus defendant raised a triable issue of fact sufficient to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We reject plaintiff's further contention that defendant's lost profit claim must fail because defendant did not have executed contracts in place for the sale of units at the time of the breach (*see Kenford Co.*, 67 NY2d at 261-262; *see also Jewell-Rung Agency, Inc. v Haddad Org., Ltd.*, 814 F Supp 337, 341-342). Moreover, regardless whether the claim involves a new or an established

business, the test remains the same, i.e., whether future profits can be calculated with reasonable certainty (*see Ashland Mgt.*, 82 NY2d at 404), and plaintiff does not challenge that element in this appeal.

We reject plaintiff's further contention that defendant's claim for consequential damages is barred by the statute of frauds because it cannot be performed within one year (*see* General Obligations Law § 5-701 [a] [1]).  The written agreement states on its face that it is to be performed within "six weeks."  The expressions of the contemplation of mutually beneficial future association between the parties by defendant's president in his deposition testimony obviously referred to the "possibility of future business dealings and not to the performance of the contract already made" (*Gruber v S-M News Co.*, 208 F2d 401, 403).

We further conclude that defendant's claim for the loss of prospective profits caused by plaintiff's alleged breach of the written contract is not subject to the one-year statute of frauds, but instead is subject to the well established "reasonable certainty" test used in predicting the probable results of contemplated business ventures (*Kenford Co.*, 67 NY2d at 261).  Plaintiff's further contention that defendant's damages should be limited to the first 1,000 units produced is raised for the first time on appeal and therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

We also reject plaintiff's contention that defendant's lost profit claim fails because "cover" was available (*see* UCC 2-715 [2] [a]).  Where the buyer is prevented from covering because of its financial condition, which in turn is attributable in part to the seller's breach, it is not reasonable to require him to cover (*see Nyquist v Randall*, 819 F2d 1014, 1018-1019; *Hall v Miller*, 143 Vt 135, 145-146, 465 A2d 222, 228; *Gerwin v Southeastern California Assn. of Seventh Day Adventists*, 14 Cal App 3d 209, 218).  Even assuming, arguendo, that plaintiff met its initial burden on the motion, we conclude that defendant submitted evidence in opposition to the motion from which it could be determined that, under the circumstances, cover was not reasonably available (*see Jewell-Rung Agency, Inc.*, 814 F Supp at 341-342).

We agree with plaintiff, however, that defendant's demand for punitive damages is not supported by allegations of a pattern of egregious conduct directed at the public in general and the court therefore erred in denying that part of plaintiff's motion to strike that demand from defendant's pleading (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613; *Wright v Selle*, 27 AD3d 1065, 1067).  We thus modify the order accordingly.

We also agree with plaintiff that the court abused its discretion in granting that part of defendant's cross motion for leave to amend its pleadings by adding a counterclaim for breach of the implied covenant of good faith and fair dealing, and we therefore further modify the order accordingly.  "Allegations that defendant violated

'the implicit contractual duties of good faith and fair dealing' are not sufficient to state a 'violation of a duty independent of the contract' " (*Makuch v New York Cent. Mut. Fire Ins. Co.*, 12 AD3d 1110, 1111). Defendant's proposed counterclaim for breach of the implied covenant of good faith and fair dealing was duplicative of its breach of contract counterclaim and leave to add that counterclaim should have been denied on the ground that the counterclaim was palpably insufficient on its face (*see generally Matter of Clairol Dev., LLC v Village of Spencerport*, 100 AD3d 1546, 1546).

We agree with defendant, however, that the proposed second amended answer sets forth a viable counterclaim for fraud. Defendant does not allege merely that plaintiff entered into the contract while misrepresenting its intent to perform as agreed (*see Citibank v Plapinger*, 66 NY2d 90, 93-94, *rearg denied* 67 NY2d 647). Rather, defendant, alleges that, after the contract was made, plaintiff repeatedly misrepresented or concealed existing facts concerning plaintiff's performance thereunder. The fraud counterclaim thus alleges wrongful conduct and injurious consequences independent of those underlying the breach of contract counterclaim (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956; *Eagle Comtronics v Pico Prods*., 256 AD2d 1202, 1203).

Entered:  July 3, 2014                        Frances E. Cafarell
                                              Clerk of the Court