# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1111**
**CA 13-02084**
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND VALENTINO, JJ.

---

THE NEW KAYAK POOL CORPORATION,
NOW KNOWN AS KAYAK POOL CORPORATION
AND KAYAK KATALOGUE CORP.,
PLAINTIFFS-APPELLANTS,

                    V                                        MEMORANDUM AND ORDER

KAVINOKY COOK LLP, AND HODGSON RUSS, LLP,
DEFENDANTS-RESPONDENTS.

---

PHILLIPS LYTLE LLP, BUFFALO (MICHAEL B. POWERS OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR
DEFENDANT-RESPONDENT KAVINOKY COOK LLP.

HAGERTY & BRADY, BUFFALO (MICHAEL A. BRADY OF COUNSEL), FOR
DEFENDANT-RESPONDENT HODGSON RUSS, LLP.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered August 28, 2013. The order, among other things, granted defendants' motions for summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action against defendants, Kavinoky Cook LLP (Kavinoky) and Hodgson Russ, LLP (Hodgson), each having represented plaintiff The New Kayak Pool Corporation, now known as Kayak Pool Corporation (Kayak Pool) in a federal trademark infringement action. Seven months after Hodgson was substituted for Kavinoky as legal counsel for Kayak Pool, the federal action settled, and Kayak Pool received, inter alia, injunctive relief and $150,000 in full settlement of all its claims in that action. The settlement check was issued by an insurance company, and plaintiffs now allege that Kavinoky and Hodgson committed malpractice by failing to inquire as to the federal defendants' insurance coverage. Plaintiffs further allege that, had Kayak Pool been aware that the federal defendants had insurance coverage, Kayak Pool would not have settled for only $150,000.

Following discovery in this action, plaintiffs moved for partial summary judgment on liability, and each of the defendants moved for summary judgment dismissing the amended complaint and all cross claims

asserted against them.  We conclude that Supreme Court properly granted defendants' motions.

As a preliminary matter, we note that Kavinoky previously moved for summary judgment, and the order denying that motion was affirmed by this Court (*New Kayak Pool Corp. v Kavinoky Cook LLP*, 74 AD3d 1852, 1852-1853).  Contrary to plaintiffs' contention, which is improperly raised for the first time on appeal (*see Glenshaw Glass Co. v Great Atl. & Pac. Tea Co.*, 63 AD2d 893, 894), Kavinoky was not barred by the doctrine of law of the case from filing a second motion for summary judgment.  Discovery was not completed at the time of the first motion, and "[w]here, as here, the second motion is based upon new information obtained during disclosure, the second motion is not repetitive of the first and the court may rule on the merits of the second motion" (*Schriptek Mktg. v Columbus McKinnon Corp.*, 187 AD2d 800, 801-802, *lv denied* 81 NY2d 704; *see Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809-1810).  In any event, "a subsequent summary judgment motion may be properly entertained when it is substantively valid and when the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts" (*Valley Natl. Bank v INI Holding, LLC*, 95 AD3d 1108, 1108; *see Town of Angelica v Smith*, 89 AD3d 1547, 1549).

Contrary to plaintiffs' contention, the court properly granted defendants' motions because a necessary element of a cause of action for legal malpractice is that the attorney's negligence caused "a loss that resulted in actual and ascertainable damages" (*Lincoln Trust v Spaziano*, 118 AD3d 1399, 1401; *see Oot v Arno*, 275 AD2d 1023, 1023-1024), and defendants established as a matter of law that plaintiffs' claims of damages are entirely speculative.  Thus, defendants are entitled to summary judgment because they met their burden of establishing that plaintiffs are "*unable to prove* at least one of the essential elements of [their] legal malpractice cause of action" (*Boglia v Greenberg*, 63 AD3d 973, 974 [emphasis added]; *see Grace v Law*, 108 AD3d 1173, 1174-1175, *affd* 24 NY3d 203; *Wilk v Lewis & Lewis, P.C.*, 75 AD3d 1063, 1065).  "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (*Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848, *lv denied* 20 NY3d 857).  Here, as in *Lincoln Trust*, plaintiffs' theory of damages "is too speculative to survive defendants' motion[s] for summary judgment" (*Lincoln Trust*, 118 AD3d at 1401), and plaintiffs "failed to submit nonspeculative evidence in support of [their] damages claims" in opposition to defendants' motions (*G & M Realty, L.P. v Masyr*, 96 AD3d 689, 690).  Indeed, defendants established that the damages claimed by plaintiffs are " '*incapable* of being proven with any reasonable certainty' " (*Zarin v Reid & Priest*, 184 AD2d 385, 388 [emphasis added]).

We understand the concern of our dissenting colleague that we are awarding defendants summary judgment based on gaps in plaintiffs' proof (*see Val Tech Holdings, Inc. v Wilson Manifolds, Inc.*, 119 AD3d 1327, 1329) but, as noted, the inability of plaintiffs to establish actual damages is a sufficient basis to grant summary judgment to

defendants in this legal malpractice action (*see e.g. Country Club Partners, LLC v Goldman*, 79 AD3d 1389, 1392; *Charos v Esseks, Hefter & Angel*, 216 AD2d 511, 511).

Contrary to plaintiffs' contention with respect to Kavinoky, the court properly determined that Kavinoky's failure to determine the existence of the federal defendants' insurance coverage was not a proximate cause of plaintiffs' alleged damages, which is a necessary element of a cause of action for legal malpractice (*see Oot*, 275 AD2d at 1023). As noted by the court, "[i]t is undisputed that Kavinoky was discharged as [Kayak Pool's] counsel, and Hodgson was substituted in as [Kayak Pool's] counsel, prior to the time that any settlement negotiations began and that Kavinoky had no role whatsoever in those negotiations." Moreover, although plaintiffs substituted Hodgson as their legal counsel only after the attorney who had initially represented plaintiffs left Kavinoky to join Hodgson (*see New Kayak Pool Corp.*, 74 AD3d at 1852-1853), Kavinoky established that a different attorney at Hodgson overtook responsibility for representing plaintiffs once Hodgson was substituted as counsel. Therefore, despite the connection between the two law firms, there was no actual continuity of legal representation. Even if we were to assume, arguendo, that Kavinoky, through the actions of the first attorney, was negligent in failing to investigate the matter of insurance coverage, we note that Hodgson, through the newly assigned attorney, had over seven months in which to conduct its own investigation before settling the federal action on behalf of Kayak Pool. We thus conclude that Kavinoky established as a matter of law "that its actions did not proximately cause the plaintiffs' alleged damages, and that subsequent counsel had a sufficient opportunity to protect the plaintiffs' rights by pursuing any remedies it deemed appropriate on their behalf" (*Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 641; *see e.g. Somma v Dansker & Aspromonte Assoc.*, 44 AD3d 376, 377; *Golden v Cascione, Chechanover & Purcigliotti*, 286 AD2d 281, 281; *cf. Tooma v Grossbarth*, 121 AD3d 1093, 1096-1097; *Grant v LaTrace*, 119 AD3d 646, 647), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except FAHEY, J., who dissents and votes to modify in accordance with the following Memorandum: I respectfully dissent and would modify the order by denying the motions of defendants Kavinoky Cook LLP (Kavinoky) and Hodgson Russ, LLP (Hodgson) for summary judgment dismissing the amended complaint and all cross claims against them. In my view, there are triable issues of fact whether Kavinoky's negligence was a proximate cause of the injuries complained of, and whether plaintiffs suffered ascertainable damages as a result of the alleged negligence of Kavinoky and Hodgson.

Plaintiff was represented by defendants for approximately 4½ years. It is alleged that during that period neither defendant determined the amount of insurance coverage available in the underlying action.

Turning first to Kavinoky's motion, Kavinoky contends that there is no link between its negligence in failing to determine whether the

defendants in the federal trademark infringement action had insurance coverage with respect to that action and the damages allegedly sustained by plaintiff The New Kayak Pool Corporation, now known as Kayak Pool Corporation (Kayak Pool) as a result of the settlement of that lawsuit without knowledge of that insurance coverage. In that vein, Kavinoky specifically contends that, because Hodgson succeeded Kavinoky as the law firm representing Kayak Pool before that settlement occurred, Kavinoky is disconnected from that failure to investigate the insurance coverage available to the defendants in the federal action. This issue essentially turns on the question whether Hodgson "*had sufficient time and opportunity to adequately protect [the] rights*" of Kayak Pool (*Maksimiak v Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 AD3d 652, 652 [emphasis added]). Put differently, the operative question is whether Hodgson, as the successor to Kavinoky, had sufficient time and opportunity to perform the act, i.e., determining whether the defendants in the federal action had insurance coverage, that Kavinoky was allegedly negligent in failing to perform (*cf. e.g. Alden v Brindisi, Murad, Brindisi, Pearlman, Julian & Pertz ["The People's Lawyer"]*, 91 AD3d 1311, 1311; *Perks v Lauto & Garabedian*, 306 AD2d 261, 261-262). Indeed, Kavinoky seeks to avoid liability for its negligence in failing to investigate the insurance coverage question based on its theory that Hodgson's failure to engage in precisely the same activity interrupted the link between Kavinoky's negligence and the alleged injury of plaintiffs. Such interruption, of course, may but does not automatically sever such a causal link (*see Maheshwari v City of New York*, 2 NY3d 288, 295) and, "[a]s a general rule, issues of proximate cause[, including superseding cause,] are for the trier of fact" (*Hahn v Tops Mkts., LLC*, 94 AD3d 1546, 1548 [internal quotation marks omitted]; *see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829; *Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401, 1403).

Here, in my view, the question whether Kavinoky's negligence was a cause of the injuries complained of is for a trier of fact. The record establishes that in the 3½ years after this action was commenced Kavinoky worked this matter so extensively as to bill between $350,000 and approximately $770,000 in legal fees; that the representation of Kayak Pool in the federal action was transferred to Hodgson on June 20, 2003; and that the federal action ultimately settled on February 5, 2004. The record, however, also contains evidence that almost immediately after Hodgson began to represent Kayak Pool in the federal action, and potentially even before, there was an order for a settlement conference in that matter. Moreover, the record contains evidence that, after receiving the settlement conference notice, Kayak Pool instructed Hodgson to settle the matter "at as little [further] cost as possible." In view of that evidence, whether Hodgson had sufficient time and opportunity to investigate the issue of the insurance coverage available to the defendants in the federal action is for a trier of fact to decide, along with which law firm, if any, is responsible for the oversight.

As to the damages question, I note that the analysis of this issue applies equally to Kavinoky and Hodgson. To establish legal

malpractice by defendants, plaintiffs "must demonstrate that [defendants] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that [defendants'] breach of this duty caused [plaintiffs] to sustain actual and ascertainable damages" (*Harris Beach PLLC v Eber Bros. Wine & Liq. Corp.*, 121 AD3d 1524, 1525 [internal quotation marks omitted]). "In the context of [these] motion[s] by [defendants] for . . . summary judgment, *the burden was on [defendants] to present evidence . . . in admissible form* establishing that [plaintiffs are] unable to prove at least one of [the] essential elements of a malpractice cause of action" (*id.* [internal quotation marks omitted] [emphasis added]).

Regarding damages, Kavinoky relies on, inter alia, *Sevey v Friedlander* (83 AD3d 1226, 1227, *lv denied* 17 NY3d 707), which stands for the proposition that a defendant in a legal malpractice action makes a prima facie showing that the plaintiff is unable to prove damages by demonstrating that the settlement was favorable to the plaintiff.  Kavinoky relies on an expert's affidavit, who contends that, based on his review of the record, there was "no evidence to indicate that [the defendants in the federal action], or [their] insurer, would have made a different settlement offer if discovery on insurance coverage had occurred in this case."  Hodgson's appellate attorney took a similar approach in arguing this appeal, noting that plaintiffs "obtained no discovery from [the defendants in the federal action, their insurer, or their attorney, and thus] presented nothing more than their assumption [that Kayak Pool] would have received more in [the] settlement [of the underlying action]."

In my view, that approach is basically a "gaps in proof" tack by which defendants cannot meet their initial burdens on their motions for summary judgment (*see Val Tech Holdings, Inc. v Wilson Manifolds, Inc.*, 119 AD3d 1327, 1329; *see also Harris Beach PLLC*, 121 AD3d at 1525-1526).  It is defendants' burden to show that knowledge of insurance coverage would not affect settlement, not plaintiffs' burden.

I also note that the reason for the absence of evidence on damages is clear:  although many hours were billed by Kavinoky before the transfer to Hodgson, very little discovery had been done and, apparently, none had been done on the issue of damages.  Given the absence of evidence as to the value of Kayak Pool's claim and the possibility that the threat of the bankruptcy of the defendants in the federal action motivated the settlement, I cannot agree with Kavinoky that the record establishes that Kayak Pool was well-disposed in that action.  To the extent Hodgson contends that the impetus for the settlement was the injunctive relief and that Kayak Pool resolved the underlying matter favorably by obtaining that injunctive relief, I conclude that defendants still are not entitled to summary judgment because there is at least a factual question as to whether the injunctive relief drove the settlement, or whether the settlement was motivated by the desire for injunctive relief *and* a collectible sum of money designed to offset Kayak Pool's legal fees in the underlying matter.

Put more simply, and more bluntly, in the absence of discovery on damages I question how defendants could meet their initial burden on these parts of their motions by demonstrating that the settlement was favorable to Kayak Pool.  The absence of discovery on the damages question in the federal action does not mean that defendants are entitled to summary judgment here.  Rather, it means that defendants are responsible both for conducting that discovery in this action and for affirmatively proving their present contention that plaintiffs did not sustain ascertainable damages as a result of defendants' negligence.  Defendants have not met that burden, and thus I would deny their respective motions for summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court