Fahey, J.
(dissenting). I respectfully dissent and would modify the order by denying the motions of defendants Kavinoky Cook LLP (Kavinoky) and Hodgson Russ, LLP (Hodgson) for summary judgment dismissing the amended complaint and all cross claims against them. In my view, there are triable issues of fact whether Kavinoky’s negligence was a proximate cause of the injuries complained of, and whether plaintiffs suffered ascertainable damages as a result of the alleged negligence of Kavinoky and Hodgson.
Plaintiff was represented by defendants for approximately 4V2 years. It is alleged that during that period neither defend *1350 ant determined the amount of insurance coverage available in the underlying action.
Turning first to Kavinoky’s motion, Kavinoky contends that there is no link between its negligence in failing to determine whether the defendants in the federal trademark infringement action had insurance coverage with respect to that action and the damages allegedly sustained by plaintiff The New Kayak Pool Corporation, now known as Kayak Pool Corporation (Kayak Pool) as a result of the settlement of that lawsuit without knowledge of that insurance coverage. In that vein, Kavinoky specifically contends that, because Hodgson succeeded Kavinoky as the law firm representing Kayak Pool before that settlement occurred, Kavinoky is disconnected from that failure to investigate the insurance coverage available to the defendants in the federal action. This issue essentially turns on the question whether Hodgson “had sufficient time and opportunity to adequately protect [the] rights” of Kayak Pool (Maksimiak v Schwartzapfel Novick Truhowsky Marcus, P.C., 82 AD3d 652, 652 [2011] [emphasis added]). Put differently, the operative question is whether Hodgson, as the successor to Kavinoky, had sufficient time and opportunity to perform the act, i.e., determining whether the defendants in the federal action had insurance coverage, that Kavinoky was allegedly negligent in failing to perform (cf. e.g. Alden v Brindisi, Murad, Brindisi, Pearlman, Julian & Pertz [“The People’s Lawyer”], 91 AD3d 1311, 1311 [2012]; Perks v Lauto & Garabedian, 306 AD2d 261, 261-262 [2003]). Indeed, Kavinoky seeks to avoid liability for its negligence in failing to investigate the insurance coverage question based on its theory that Hodgson’s failure to engage in precisely the same activity interrupted the link between Kavinoky’s negligence and the alleged injury of plaintiffs. Such interruption, of course, may but does not automatically sever such a causal link (see Maheshwari v City of New York, 2 NY3d 288, 295 [2004]) and, “[a]s a general rule, issues of proximate cause [,] [including superseding cause,] are for the trier of fact” (Hahn v Tops Mkts., LLC, 94 AD3d 1546, 1548 [2012] [internal quotation marks omitted]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784, 829 [1980]; Prystajko v Western N.Y. Pub. Broadcasting Assn., 57 AD3d 1401, 1403 [2008]).
Here, in my view, the question whether Kavinoky’s negligence was a cause of the injuries complained of is for a trier of fact. The record establishes that in the 3V2 years after this action was commenced Kavinoky worked this matter so extensively as to bill between $350,000 and approximately $770,000 *1351 in legal fees; that the representation of Kayak Pool in the federal action was transferred to Hodgson on June 20, 2003; and that the federal action ultimately settled on February 5, 2004. The record, however, also contains evidence that almost immediately after Hodgson began to represent Kayak Pool in the federal action, and potentially even before, there was an order for a settlement conference in that matter. Moreover, the record contains evidence that, after receiving the settlement conference notice, Kayak Pool instructed Hodgson to settle the matter “at as little [further] cost as possible.” In view of that evidence, whether Hodgson had sufficient time and opportunity to investigate the issue of the insurance coverage available to the defendants in the federal action is for a trier of fact to decide, along with which law firm, if any, is responsible for the oversight.
As to the damages question, I note that the analysis of this issue applies equally to Kavinoky and Hodgson. To establish legal malpractice by defendants, plaintiffs “must demonstrate that [defendants] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that [defendants’] breach of this duty caused [plaintiffs] to sustain actual and ascertainable damages” (Harris Beach PLLC v Eber Bros. Wine & Liq. Corp., 121 AD3d 1524, 1525 [2014] [internal quotation marks omitted]). “In the context of [these] motion [s] by [defendants] for . . . summary judgment, the burden was on [defendants] to present evidence ... in admissible form establishing that [plaintiffs are] unable to prove at least one of [the] essential elements of a malpractice cause of action” (id. [internal quotation marks omitted] [emphasis added]).
Regarding damages, Kavinoky relies on, inter alia, Sevey v Friedlander (83 AD3d 1226, 1227 [2011], lv denied 17 NY3d 707 [2011]), which stands for the proposition that a defendant in a legal malpractice action makes a prima facie showing that the plaintiff is unable to prove damages by demonstrating that the settlement was favorable to the plaintiff. Kavinoky relies on an expert’s affidavit, who contends that, based on his review of the record, there was “no evidence to indicate that [the defendants in the federal action], or [their] insurer, would have made a different settlement offer if discovery on insurance coverage had occurred in this case.” Hodgson’s appellate attorney took a similar approach in arguing this appeal, noting that plaintiffs “obtained no discovery from [the defendants in the federal action, their insurer, or their attorney, and thus] presented nothing more than their assumption [that Kayak *1352 Pool] would have received more in [the] settlement [of the underlying action].”
In my view, that approach is basically a “gaps in proof” tack by which defendants cannot meet their initial burdens on their motions for summary judgment (see Val Tech Holdings, Inc. v Wilson Manifolds, Inc., 119 AD3d 1327, 1329 [2014]; see also Harris Beach PLLC, 121 AD3d at 1525-1526). It is defendants’ burden to show that knowledge of insurance coverage would not affect settlement, not plaintiffs’ burden.
I also note that the reason for the absence of evidence on damages is clear: although many hours were billed by Kavinoky before the transfer to Hodgson, very little discovery had been done and, apparently, none had been done on the issue of damages. Given the absence of evidence as to the value of Kayak Pool’s claim and the possibility that the threat of the bankruptcy of the defendants in the federal action motivated the settlement, I cannot agree with Kavinoky that the record establishes that Kayak Pool was well-disposed in that action. To the extent Hodgson contends that the impetus for the settlement was the injunctive relief and that Kayak Pool resolved the underlying matter favorably by obtaining that injunctive relief, I conclude that defendants still are not entitled to summary judgment because there is at least a factual question as to whether the injunctive relief drove the settlement, or whether the settlement was motivated by the desire for injunctive relief and a collectible sum of money designed to offset Kayak Pool’s legal fees in the underlying matter.
Put more simply, and more bluntly, in the absence of discovery on damages I question how defendants could meet their initial burden on these parts of their motions by demonstrating that the settlement was favorable to Kayak Pool. The absence of discovery on the damages question in the federal action does not mean that defendants are entitled to summary judgment here. Rather, it means that defendants are responsible both for conducting that discovery in this action and for affirmatively proving their present contention that plaintiffs did not sustain ascertainable damages as a result of defendants’ negligence. Defendants have not met that burden, and thus I would deny their respective motions for summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present — Scudder, P.J., Fahey, Lindley and Valentino, JJ.