Leeder v Antonucci (2021 NY Slip Op 03978)





Leeder v Antonucci


2021 NY Slip Op 03978


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1162 CA 20-00614

[*1]PAUL MICHAEL LEEDER, PLAINTIFF-APPELLANT,
v
DAVID P. ANTONUCCI, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






NEIL M. GINGOLD, FAYETTEVILLE, FOR PLAINTIFF-APPELLANT.
ANTONUCCI LAW FIRM LLP, WATERTOWN (DAVID P. ANTONUCCI OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Jefferson County (James P. Murphy, J.), entered October 25, 2019. The order and judgment granted the cross motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for alleged legal malpractice arising from defendant's representation of plaintiff in two separate matters. On a prior appeal from an order and judgment granting defendant's cross motion for summary judgment dismissing the complaint, this Court modified the order and judgment by denying the cross motion in part and reinstating plaintiff's second cause of action (estate cause of action)—which alleged malpractice in defendant's handling of an estate accounting proceeding—on the ground that plaintiff raised a triable issue of fact whether that cause of action was untimely (Leeder v Antonucci, 174 AD3d 1469, 1470-1471 [4th Dept 2019]). This Court then remitted the matter to Supreme Court to address that part of the cross motion seeking summary judgment dismissing the estate cause of action on the ground that plaintiff failed to sufficiently allege damages on that cause of action (id. at 1471).
Upon remittal, the court granted that part of the cross motion seeking summary judgment dismissing the estate cause of action, concluding that defendant established that plaintiff's damages claim was speculative and that plaintiff failed to raise a triable issue of fact in opposition. In appeal No. 1, plaintiff appeals from an order and judgment granting the cross motion to that extent and dismissing the remainder of the complaint. In appeal No. 2, plaintiff appeals from an order denying his motion for leave to reargue and renew his opposition to defendant's cross motion with respect to the estate cause of action.
Addressing appeal No. 1, we conclude that the court properly granted the cross motion. "[A] necessary element of a cause of action for legal malpractice is that the attorney's negligence caused a loss that resulted in actual and ascertainable damages" (New Kayak Pool Corp. v Kavinoky Cook LLP, 125 AD3d 1346, 1348 [4th Dept 2015] [internal quotation marks omitted]; see Leeder, 174 AD3d at 1469). Furthermore, "[c]onclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (New Kayak Pool Corp., 125 AD3d at 1348 [internal quotation marks omitted]). Here, defendant met his initial burden on the cross motion by establishing that plaintiff's allegations of damages with respect to the estate cause of action are speculative (see id.; Lincoln Trust v Spaziano, 118 AD3d 1399, 1401-1402 [4th Dept 2014]). In opposition, plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). With respect to plaintiff's opposition, we perceive no error in the court's rejection of the estate account summary that plaintiff submitted, [*2]which was purportedly prepared by a retained expert. Plaintiff did not submit the summary until nearly a month after the original oral argument on defendant's cross motion (see Kopeloff v Arctic Cat, Inc., 84 AD3d 890, 890-891 [2d Dept 2011]). Contrary to plaintiff's contention, the submission was untimely. The fact that the deadline in the court's scheduling order for disclosure of expert witnesses had not yet passed did not relieve plaintiff of his burden to "lay bare his proof and show that a genuine question of fact exists" in opposition to the cross motion for summary judgment (Oot v Home Ins. Co. of Ind., 244 AD2d 62, 71 [4th Dept 1998]; see also CPLR 3212 [f]). In any event, the estate account summary is conclusory, speculative, and insufficient to raise a triable issue of fact (see generally Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1099 [4th Dept 2018]).
Addressing appeal No. 2, insofar as the order denied that part of plaintiff's motion seeking leave to reargue, it is not appealable, and we therefore dismiss the appeal to that extent (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). Insofar as plaintiff sought leave to renew, we conclude that the court properly denied the motion. Contrary to plaintiff's contention, he failed to articulate a reasonable justification for his failure to timely provide the estate account summary (see CPLR 2221 [e] [3]; Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1598 [4th Dept 2019]; Matter of Rochester Genesee Regional Transp. Auth. v Stensrud, 162 AD3d 1495, 1495 [4th Dept 2018], lv dismissed 35 NY3d 950 [2020]). Moreover, as discussed above, even if plaintiff had provided a reasonable justification, the estate account summary would not have changed the prior determination (see CPLR 2221 [e] [2]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court