■ MARVIN SHEROTOV, Plaintiff, v ANDREW F. CAPOCCIA, Defendant and Third-Party Plaintiff-Respondent. HOWARD M. DAFFNER et al., Third-Party Defendants-Appellants.—Kane, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered January 13, 1989 in Greene County, which denied third-party defendants' motion for summary judgment dismissing the third-party complaint.

This appeal stems from an attorney malpractice action commenced by plaintiff against defendant, Andrew Capoccia, for failure to file a timely notice of claim or commence an action to recover damages allegedly sustained by plaintiff while a patient at Memorial Hospital of Greene County on December 6, 1983. Capoccia commenced a third-party action against Howard Daffner and the law firm of Daffner and Pivar (hereinafter collectively referred to as defendants) seeking indemnification. The third-party complaint alleged that Capoccia had reviewed plaintiff's case but informed plaintiff that "he had no case for medical malpractice". Capoccia further alleged that defendants then obtained "copies of plaintiff's records" from Capoccia on November 6, 1984 and that "[i]f plaintiff suffered any loss by reason of the expiration of the statute of limitations", it was due to defendants' legal malpractice. Thereafter, defendants moved for summary judgment dismissing the third-party complaint on the ground that, although they reviewed the case, they never undertook to represent plaintiff in any underlying suit. Capoccia opposed the motion, contending that the existence of a retainer agreement and a medical records release, both apparently signed by plaintiff on November 1, 1984, established that defendants did represent plaintiff. Supreme Court denied defendants' motion, finding that there was a triable issue of fact as to whether plaintiff retained defendants to represent him pursuant to the retainer agreement. Defendants now appeal.

We reverse. Capoccia's third-party complaint is predicated on the allegation that defendants were representing plaintiff when the applicable Statute of Limitations on commencing plaintiff's underlying action expired. The applicable Statute of Limitations requires commencement of plaintiff's action within a period of one year and 90 days "after the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1] [c]; see, Bacalokonstantis v Nichols, 141 AD2d 482, 483). According to plaintiff's complaint, the event on which his claim was based occurred no earlier than December 6, 1983. The record here, including defendants' correspondence with plaintiff and plaintiff's own testimony, demonstrates that whatever association plaintiff had with defendants regarding his potential claims ceased to exist, at the very latest, on February 7, 1985. Assuming then, without deciding, that defendants represented plaintiff in his claim, any such representation ended before the Statute of Limitations expired. Accordingly, summary judgment in favor of defendants is indicated.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to third-party defendants and third-party complaint dismissed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.