■ C & F POLLUTION CONTROL, INC., Respondent, v FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant, and RONALD H. SINZHEIMER, Appellant. [— NYS2d —] —Mikoll, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered July 22, 1994 in Schenectady County, which denied defendant Ronald H. Sinzheimer's motion for summary judgment dismissing the complaint against him, and (2) from an order of said court, entered October 21, 1994 in Schenectady County, which partially granted plaintiff's motion for partial summary judgment on the issue of liability.

A motor vehicle owned by plaintiff was damaged when it was involved in an accident occurring on October 23, 1982. Defendant Fidelity and Casualty Company of New York, plaintiff's insurer, made certain payments pursuant to plaintiff's proof of loss. Plaintiff was dissatisfied with this payment and hired defendant Ronald H. Sinzheimer (hereinafter defendant), an attorney, to represent it in this matter. In a letter dated

November 1, 1983, defendant informed Fidelity on plaintiff's behalf that the matter was in dispute and that plaintiff wished to invoke a clause in the insurance agreement calling for an "appraisal process" to be undertaken in the event of a dispute over a payment amount. Apparently Fidelity did not respond to this request and, thereafter, an action by plaintiff against Fidelity was commenced in April 1984 which was discontinued without prejudice by stipulation in November 1984. The parties to the lawsuit agreed that the matter was to be determined under the contract's appraisal process. However, the appraisal process was never completed and, for reasons disputed by the parties, the matter remained dormant until defendant was notified in a letter dated March 22, 1989 that plaintiff had changed attorneys. Defendant forwarded the file to plaintiff's new attorney in May 1989.

Plaintiff apparently thereafter changed attorneys again and, after Fidelity refused a February 1993 request to reopen plaintiff's file, plaintiff again sued Fidelity, joining defendant as well, alleging, respectively, breach of contract and legal malpractice. Fidelity's motion for summary judgment dismissing the complaint against it on the ground of the Statute of Limitations was subsequently granted. Thereafter, Supreme Court denied a motion by defendant seeking summary judgment in his favor and granted a motion by plaintiff for partial summary judgment against defendant on the issue of defendant's negligence in allowing the Statute of Limitations to run. These appeals by defendant followed.

It is well settled that "[a] prima facie case of legal malpractice requires proof of the attorney's negligence, that such negligence was the proximate cause of injury to the client, and that absent such negligence, the client would have been successful in the underlying action" (*Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132; *see, Parmisani v Grasso*, 218 AD2d 870, 871). Plaintiff's claim against defendant arises out of its assertion that, while still serving as plaintiff's attorney, defendant negligently allowed the Statute of Limitations to run against any claim plaintiff had against Fidelity. Defendant contends that the six-year Statute of Limitations period for breach of contract (CPLR 213 [2]) runs not from the date of the accident, October 23, 1982, but at the very least from November 1, 1983, when defendant sent the letter disputing Fidelity's payment of the claim and requesting commencement of the appraisal process contemplated in the parties' contract; consequently, defendant alleges that the Statute of Limitations had not lapsed in the cause of action against Fidelity at the time plaintiff discharged defendant and retained another attorney.

We have examined defendant's arguments and agree that plaintiff's breach of contract claim could not have accrued against Fidelity on the date of the *accident* when, presumably, a claim had yet to even be filed (*cf.,* *Micha v Merchants Mut. Ins. Co.,* 94 AD2d 835, 836). Instead, we conclude that plaintiff's action against Fidelity did not commence until after November 1, 1983, when Fidelity initially declined to participate in the appraisal process to determine disputes described in the parties' contract. The six-year Statute of Limitations period had not run at the time plaintiff discharged defendant. Therefore, plaintiff's second attorney could have timely commenced a lawsuit against Fidelity (*see, Sherotov v Capoccia,* 161 AD2d 871, 872). Accordingly, we conclude that plaintiff's legal malpractice claim lacks merit and defendant's motion for summary judgment should be granted *(see, supra).*

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered July 22, 1994 is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Ronald H. Sinzheimer and complaint dismissed against him. Ordered that the order entered October 21, 1994 is modified, on the law, with costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment on the issue of defendant Ronald H. Sinzheimer's negligence; said motion denied; and, as so modified, affirmed.