(August 30, 2001)

■ PAULA GOLDEN, Respondent, v CASCIONE, CHECHANOVER & PURCIGLIOTTI et al., Defendants, and KAPLAN, OSHMAN, HELFENSTEIN & MATZA et al., Appellants. (And a Third-Party Action.) [729 NYS2d 140] —Order, Supreme Court, New York County (Edward Lehner, J.), entered December 18, 2000, which, insofar as appealed from, denied defendants Kaplan, Oshman, Helfenstein & Matza (the Oshman firm), Matthew Oshman and Eileen T. Rohan's motion for summary judgment dismissing the complaint against them, unanimously reversed, on the law, without costs, and defendants' motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff's malpractice claim against the Oshman firm should have been dismissed. Plaintiff's personal injury claim remained viable for nearly 2½ years after the Oshman firm was relieved as counsel. Thus, because successor counsel had sufficient time to adequately protect plaintiff's rights, there is no evidence to support a finding that the Oshman firm's alleged negligence proximately caused plaintiff any injury (*see, Kozmol v Law Firm of Allen L. Rothenberg,* 241 AD2d 484, 485-486 [defendant law firm, which had failed to effect valid service of process on client's adversary, resulting in dismissal of action for lack of personal jurisdiction after expiration of statute of limitations, could not be held liable for loss of client's claim, because successor counsel retained prior to such dismissal could have commenced a new action within 120 days thereafter, pursuant to CPLR 306-b]; *Greenwich v Markhoff,* 234 AD2d 112, 114 [complaint seeking to hold two successive counsel liable for failing to commence any action prior to expiration of statute of limitations was properly dismissed as against first law firm because,

*inter alia*, such counsel had no "responsibility for allowing the Statute of Limitations to expire some two years" after it had been discharged]; *C & F Pollution Control v Fidelity & Cas. Co.*, 222 AD2d 828, 829-830; *Sherotov v Capoccia*, 161 AD2d 871, 872). Concur—Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.