■ JAMES PYNE, Appellant, v BLOCK & ASSOCIATES et al., Respondents. [760 NYS2d 30] —Order and judgment (one paper), Supreme Court, New York County (Shirley Kornreich, J.), entered on or about May 1, 2002, which, in this legal malpractice action, granted defendants' motion pursuant to CPLR 3211 (a) and dismissed the complaint, unanimously affirmed, without costs.

Even assuming the truth of the material allegations of the complaint, and according plaintiff the benefit of all reasonable inferences, the complaint fails to plead a cognizable claim for malpractice since it does not permit the inference that, but for defendants' failure to name certain parties as defendants in plaintiff's underlying federal personal injury action, plaintiff would not have sustained actual, ascertainable damages (*see Pellegrino v File*, 291 AD2d 60, 63 [2002], *lv denied* 98 NY2d 606 [2002]). It is clear that the proximate cause of any damages sustained by plaintiff was not the alleged malpractice of defendants, but rather the intervening and superseding failure of plaintiff's successor attorneys to timely serve any of the potentially liable parties, as they could have, in the closely ensuing state court action.

Since plaintiff failed to demonstrate good ground for his legal malpractice cause of action, his application, in the alternative, to plead again was properly denied (*see* CPLR 3211 [e]). Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.