■ ANIELLO SOMMA, Appellant, v DANSKER & ASPROMONTE ASSOCIATES et al., Respondents. [843 NYS2d 577]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered September 25, 2006, which granted defendants' motion to dismiss the complaint based on documentary evidence and for failure to state a cause of action, and order, same court and Justice, entered February 22, 2007, which denied plaintiff's motion to renew and, upon reargument, adhered to the prior ruling, unanimously affirmed, without costs.

Plaintiff claims that defendants' alleged mistakes effectively compelled him to settle the underlying action for less than his actual damages. Settlement of an underlying action will not bar a claim for legal malpractice, but defendants no longer represented plaintiff at the time he agreed to settle (*see Bernstein v Oppenheim & Co.*, 160 AD2d 428, 431 [1990]). Moreover, plaintiff's successor counsel had sufficient time and opportunity to adequately protect plaintiff's rights (*see Golden v Cascione, Chechanover & Purcigliotti*, 286 AD2d 281 [2001]; *see also Greenwich v Markhoff*, 234 AD2d 112, 114 [1996] [complaint seeking to hold two successive counsel liable for failing to commence any action prior to expiration of statute of limitations was properly dismissed as against first law firm because, inter alia, such counsel had no "responsibility for allowing the Statute of Limitations to expire some two years" after it had been discharged]). Plaintiff's claim that the federal court in the underlying action would not have permitted amendment of a pretrial order filed by defendants is speculative (*see Brooks v Lewin*, 21 AD3d 731, 734-735 [2005], *lv denied* 6 NY3d 713 [2006]).

We have considered plaintiff's remaining claims and find them unavailing. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.