■ JAMES AGATE, Appellant, v HERRICK, FEINSTEIN LLP, Respondent, et al., Defendants. [870 NYS2d 250]—

We affirm for reasons stated in *Kaminsky v Herrick, Feinstein LLP* (59 AD3d 1 [2008] [decided herewith]), namely, the failure to demonstrate any legal basis upon which a trier of fact might find that the alleged omission of defendants to present further expert testimony concerning plaintiffs' damages would have resulted in a higher award by the arbitration panel. Thus, since plaintiff cannot establish that, but for the alleged negligence of his attorneys, the outcome of the underlying matter would have been substantially different (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine*, 45 NY2d 730, 732 [1978]), his cause of action is deficient, and dismissal is required (*Katash v Richard Kranis, P.C.*, 229 AD2d 305, 306 [1996], *lv dismissed* 89 NY2d 981 [1997]). Concur—Tom, J.P., Friedman, Buckley and Catterson, JJ. [*See* 2006 NY Slip Op 30127(U).]