■ JOSEPH N. DITONDO et al., Appellants, v FREDERICK J. MEAGHER, JR. et al., Respondents. [924 NYS2d 666]—

Malone Jr., J. Appeal from an order of the Supreme Court (LeBous, J.), entered October 29, 2010 in Broome County, which, among other things, granted defendants' motion for partial summary judgment dismissing plaintiffs' claim for preverdict interest.

Plaintiffs commenced this legal malpractice action against defendants seeking $2 million in damages, plus interest, for defendants' alleged mishandling of an underlying personal injury action. Following joinder of issue, defendants moved for partial summary judgment to dismiss plaintiffs' claim for preverdict interest alleging, among other things, that because plaintiffs had asserted legal malpractice causes of action sounding only in negligence, and not breach of contract, they were not entitled to preverdict interest. Plaintiffs thereafter moved to amend their complaint to add a breach of contract cause of action. Finding that plaintiffs' proposed amendment was "redundant to the existing legal malpractice negligence causes of action," Supreme Court denied plaintiffs' motion. The court then determined that, in light of its determination to deny plaintiffs' motion to add a breach of contract claim, the complaint contained only negligence causes of action and granted defendants' motion for partial summary judgment dismissing plaintiffs' claim for preverdict interest. Plaintiffs appeal.

Where an individual claim of breach of contract arises out of the same facts as an asserted legal malpractice cause of action and does not allege distinct damages, the breach of contract claim is duplicative of the malpractice claim (*see Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849, 850 [2009]; *Garten v Shearman & Sterling LLP*, 52 AD3d 207, 207-208

[2008]; *Peak v Bartlett, Pontiff, Stewart & Rhodes, P.C.*, 28 AD3d 1028, 1031 [2006]; *see also* 76 NY Jur 2d, Malpractice § 37). Therefore, we agree with Supreme Court that plaintiffs' proposed amendment to the complaint, asserting a breach of contract cause of action based upon the same facts as the legal malpractice claim, is redundant and their motion was appropriately denied. However, " 'CPLR 5001 operates to permit an award of prejudgment interest from the date of the accrual of the malpractice action in actions seeking damages for attorney malpractice' " (*Barnett v Schwartz*, 47 AD3d 197, 208 [2007], quoting *Horstmann v Nicholas J. Grasso, P.C.*, 210 AD2d 671, 673 [1994]; *see Mizuno v Fischoff & Assoc.*, 82 AD3d 849, 850 [2011]; *Leach v Bailly*, 57 AD3d 1286, 1289 [2008]; *but see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 444 n 3 [2007]). Moreover, as here, "[w]here the injury suffered [as a result of legal malpractice] is the loss of a cause of action, the measure of damages is generally the value of the claim lost," whether the malpractice claim sounds in negligence or in breach of contract (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 42 [1990]). Thus, contrary to defendants' contentions, Supreme Court erred by dismissing plaintiffs' claim for preverdict interest.

Peters, J.P., Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for partial summary judgment; motion denied; and, as so modified, affirmed.