# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**64**
**CA 11-01464**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

ELIZABETH ALDEN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN
AND PERTZ ("THE PEOPLE'S LAWYER"),
DEFENDANT-RESPONDENT.

---

ELIZABETH ALDEN, PLAINTIFF-APPELLANT PRO SE.

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN & PERTZ, LLP, UTICA
(RICHARD PERTZ OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 6, 2011 in a legal malpractice action. The order and judgment granted the motion of defendant to dismiss the complaint pursuant to CPLR 3211 (a) (7) and dismissed the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) in this legal malpractice action. Accepting as true the facts set forth in the complaint and according plaintiff the benefit of all favorable inferences arising therefrom, as we must in the context of the instant motion (*see generally Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that the complaint fails to plead a cognizable theory for legal malpractice because it does not permit the inference that any alleged negligence by defendant was a proximate cause of plaintiff's damages (*see Pyne v Block & Assoc.*, 305 AD2d 213). The proximate cause of any damages sustained by plaintiff was not the alleged legal malpractice of defendant but, rather, the proximate cause of plaintiff's damages was either "the intervening and superseding failure" of plaintiff to retain successor counsel in a timely manner or the failure of successor counsel to commence a timely medical malpractice action on plaintiff's behalf (*Pyne*, 305 AD2d 213). Indeed, we note that the record establishes that defendant afforded plaintiff and her successor counsel "sufficient time and opportunity to adequately protect plaintiff's rights" (*Somma v Dansker & Aspromonte Assoc.*, 44 AD3d 376, 377; *see Maksimiak v Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 AD3d 652; *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 641; *cf. Wilk v Lewis & Lewis, P.C.*, 75 AD3d 1063, 1066-1067). We have reviewed

plaintiff's remaining contentions and conclude that they are either unpreserved for our review or they are without merit.

Entered:  January 31, 2012                      Frances E. Cafarell
                                                Clerk of the Court