■ SARA C. HUFSTADER, Also Known a SARA H. STRAUSS, Appellant, v FRIEDMAN AND MOLINSEK, P.C., et al., Respondents. [55 NYS3d 509]—

Garry, J. Appeal from an order of the Supreme Court (Crowell, J.), entered March 13, 2015 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

In December 2005, plaintiff retained defendants to represent her in an action for divorce. On October 1, 2007, on the first day of trial in the divorce action, plaintiff's husband moved to dismiss the complaint for failure to establish grounds for divorce, and Supreme Court (Seibert, J.) granted the motion and dismissed the complaint. In September 2010, plaintiff commenced an action against defendants for, as pertinent here, legal malpractice and breach of contract related to the divorce action. Defendants moved for summary judgment dismissing the complaint, which Supreme Court (Crowell, J.) granted on the grounds that plaintiff failed to establish proximate cause as to her legal malpractice cause of action and that the breach of contract cause of action was duplicative of the malpractice claim.[1] Plaintiff appeals.

To succeed upon the legal malpractice claim, plaintiff was required to demonstrate that defendants "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," that this failure was the proximate cause of actual damages to plaintiff, and that "the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence" (*Levine v Horton*, 127 AD3d 1395, 1397 [2015] [internal quotation marks and citations omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker &*

---

1. Plaintiff also sought an award of punitive damages, but, in her brief upon appeal, she expressly abandoned any argument arising from the dismissal of that claim (*see Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 n 2 [1995]).

*Sauer*, 8 NY3d 438, 442 [2007]; *Miazga v Assaf*, 136 AD3d 1131, 1133 [2016], *lv dismissed* 27 NY3d 1078 [2016]). Upon their application for summary judgment, defendants "were required to present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements" (*Country Club Partners, LLC v Goldman*, 79 AD3d 1389, 1391 [2010] [internal quotation marks and citation omitted]; *see Miazga v Assaf*, 136 AD3d at 1133-1134).

Plaintiff's primary contention is that defendants' alleged mistakes resulted in the dismissal of the underlying divorce action, and thus compelled her to subsequently enter into a separation agreement with her husband. One of the arguments raised by defendants in opposition is that the circumstances of plaintiff's execution of the separation agreement, while represented by successor counsel, establish that defendants cannot be the proximate cause of plaintiff's alleged damages. Generally, the settlement of an underlying action will not preclude a claim for legal malpractice (*see Schrowang v Biscone*, 128 AD3d 1162, 1164 [2015]; *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 641 [2008]; *Somma v Dansker & Aspromonte Assoc.*, 44 AD3d 376, 377 [2007]). However, the element of proximate cause cannot be established where a plaintiff has entered into a settlement while represented by successor counsel and the "successor counsel had sufficient time and opportunity to adequately protect [the] plaintiff's rights" in the underlying action (*Somma v Dansker & Aspromonte Assoc.*, 44 AD3d at 377; *see New Kayak Pool Corp. v Kavinoky Cook LLP*, 125 AD3d 1346, 1349 [2015]; *Alden v Brindisi, Murad, Brindisi, Pearlman, Julian & Pertz ["The People's Lawyer"]*, 91 AD3d 1311, 1311 [2012]; *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d at 641).

In addition to expert testimony, defendants submitted the parties' deposition testimony upon their motion. It is undisputed that, in November 2007, following the oral dismissal of the underlying divorce action, plaintiff retained new counsel. Plaintiff testified that she contacted the successor counsel to "see what [her] options were" following the dismissal of the divorce action. Notably, the retainer agreement between defendants and plaintiff specifically excluded "any work in [a]ppellate [c]ourts." On December 7, 2007, prior to the issuance of the written order of dismissal in the divorce action, plaintiff—represented by the successor counsel—entered into a separation agreement with her husband.[2] It is undisputed that defendants did not represent plaintiff in the execution of the

---

2. In June 2009, plaintiff was ultimately granted a judgment of divorce which incorporated, but did not merge, with the separation agreement.

separation agreement. Thereafter, the order dismissing the divorce action was issued on December 11, 2007 and was entered on January 7, 2008. Defendants contend that as the successor counsel was thus retained over a month prior to the issuance of the written order of dismissal, she had sufficient time to protect plaintiff's rights in the divorce action (*see* CPLR 5513 [a]; 2221 [d] [3]). Under these circumstances, defendants have established, prima facie, that their actions were not the proximate cause of plaintiff's alleged damages (*see New Kayak Pool Corp. v Kavinoky Cook LLP*, 125 AD3d at 1349; *Alden v Brindisi, Murad, Brindisi, Pearlman, Julian & Pertz ["The People's Lawyer"]*, 91 AD3d at 1311; *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d at 641; *Perks v Lauto & Garabedian*, 306 AD2d 261, 262 [2003]; *Golden v Cascione, Chechanover & Purcigliotti*, 286 AD2d 281, 281 [2001]). Plaintiff has not raised any questions of fact in this regard (*see Benaquista v Burke*, 74 AD3d 1514, 1515-1516 [2010]). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing this cause of action (*see Miazga v Assaf*, 136 AD3d at 1134-1135).

Plaintiff's cause of action for breach of contract was also properly dismissed. Plaintiff alleges that defendants failed to exercise their "best efforts" as required by the parties' retainer agreement, resulting in their failure to secure her a divorce and equitable distribution. The allegations as to the breach of contract cause of action are entirely duplicative of the legal malpractice cause of action, in that they arise out of the same facts and fail to allege distinct damages (*see Hyman v Schwartz*, 137 AD3d 1334, 1335 [2016]; *Hyman v Burgess*, 125 AD3d 1213, 1215 [2015]; *Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39 [1998]; *see also DiTondo v Meagher*, 85 AD3d 1385, 1385-1386 [2011]). Moreover, the retainer specifically disavows any guarantee of success in plaintiff's underlying action for divorce and equitable distribution (*see Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, 236 [1989], *lv dismissed* 74 NY2d 892 [1989]; *Saveca v Reilly*, 111 AD2d 493, 494-495 [1985]; *see also Sage Realty Corp. v Proskauer Rose*, 251 AD2d at 39). Accordingly, Supreme Court properly dismissed plaintiff's cause of action for breach of contract.

In view of our determination, the parties' remaining arguments have been rendered academic.

McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.