Liporace v Neimark & Neimark, LLP (2018 NY Slip Op 00112)





Liporace v Neimark & Neimark, LLP


2018 NY Slip Op 00112


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


153323/15 5409 5408

[*1]Joseph Liporace, Jr., et al., Plaintiffs-Respondents,
v
Neimark & Neimark, LLP, et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Conor McDonald of counsel), for Neimark & Neimark, LLP, Marshall Adam Neimark and Richard Neimark, appellants.
Goldberg Segalla LLP, New York (Stewart G. Milch of counsel), for Budin Reisman Kupferberg & Bernstein LLP, Harlan Budin, Alice Kupferberg and Adam Bernstein, appellants.
Ronemus & Vilensky LLP, Garden City (Lisa M. Comeau of counsel), for respondents.



Orders, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 18, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss the legal malpractice claim as against them, unanimously modified, on the law, and to grant the motion as to the Neimark defendants, and otherwise affirmed, without costs.
The Neimark defendants' failure to serve a timely notice of claim on the New York City Department of Education in the underlying action is not the proximate cause of plaintiff's alleged damages, because the statute of limitations had not yet expired when the Budin defendants were substituted as plaintiff's counsel. This substitution of counsel was a superseding and intervening act that severed any potential liability for legal malpractice on the part of the Neimark defendants (Pyne v Block & Assoc. , 305 AD2d 213 [1st Dept 2003]).
The complaint sufficiently alleges a claim for legal malpractice against the Budin defendants as plaintiff has sufficiently met the minimum pleading requirements (see Schwartz v Olshan Grundman Frome & Rosenzweig , 302 AD2d 193, 198 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK