Chaudhuri v Kilmer (2018 NY Slip Op 00964)





Chaudhuri v Kilmer


2018 NY Slip Op 00964


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


44 CA 15-02098

[*1]ALOKE CHAUDHURI, PLAINTIFF-APPELLANT,
v
MARGARET KILMER, AS ADMINISTRATRIX OF THE ESTATE OF MICHAEL A. JONES, JR., DECEASED, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






GERARD A. STRAUSS, NORTH COLLINS, FOR PLAINTIFF-APPELLANT.
AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 29, 2015. The order denied plaintiff's motion for partial summary judgment on liability and granted defendant's cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this legal malpractice action against his former attorney (decedent), who died during the pendency of this appeal, for alleged damages arising from his representation of plaintiff in a Family Court custody/child support matter. In appeal No. 1, plaintiff appeals from an order that denied his motion for partial summary judgment on liability and granted defendant's cross motion for summary judgment dismissing the complaint. In appeal No. 2, plaintiff appeals from an order denying his motion to settle the record insofar as he sought to include in the record for appeal No. 1 a "Response Affidavit to Memorandum of Law." Addressing first the order in appeal No. 2, we conclude that, contrary to plaintiff's contention, that affidavit was properly excluded inasmuch as " the record on appeal is . . . limited to those papers that were before the court in deciding the motion[]' and cross motion[]" (Kai Lin v Strong Health [appeal No. 1], 82 AD3d 1585, 1586 [4th Dept 2011], lv dismissed in part and denied in part 17 NY3d 899 [2011], rearg denied 18 NY3d 878 [2012]).
We likewise affirm the order in appeal No. 1. In order to recover damages in a legal malpractice action, a plaintiff must establish that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, that this failure was the proximate cause of actual damages to plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence" (Hufstader v Friedman & Molinsek, P.C., 150 AD3d 1489, 1489 [3d Dept 2017] [internal quotation marks omitted]). In moving for summary judgment dismissing the complaint in such an action, a defendant must "present evidence in admissible form establishing that plaintiff is unable to prove at least one of [those] elements" (id. at 1490 [internal quotation marks omitted]; see New Kayak Pool Corp. v Kavinoky Cook LLP, 125 AD3d 1346, 1348 [4th Dept 2015]). Here, defendant met her initial burden on the motion by establishing that plaintiff is unable to prove proximate cause and damages, and plaintiff "failed to submit nonspeculative evidence in support of" those elements in opposition to defendant's motion (New Kayak Pool Corp., 125 AD3d at 1349 [internal quotation marks omitted]; see Hufstader, 150 AD3d at 1490-1491; Barbieri v Fishoff, 98 AD3d 703, 704-705 [2d Dept 2012]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court