Nowlin v Schiano (2019 NY Slip Op 02216)





Nowlin v Schiano


2019 NY Slip Op 02216


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, AND CURRAN, JJ.


242 CA 17-01546

[*1]QUINTIN A. NOWLIN, PLAINTIFF-APPELLANT,
v
CHARLIE SCHIANO, JR., ESQ., CHARLIE SCHIANO, SR., ESQ., AND THE SCHIANO LAW FIRM, DEFENDANTS-RESPONDENTS. 






QUINTIN A. NOWLIN, PLAINTIFF-APPELLANT PRO SE.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (PAUL G. FERRARA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), entered January 11, 2017. The order granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this legal malpractice action, plaintiff appeals from an order granting defendants' motion to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (7). We affirm. Accepting as true the facts set forth in the complaint and according plaintiff the benefit of all favorable inferences arising therefrom, as we must in the context of the instant motion (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the complaint fails to plead a cognizable theory for legal malpractice because plaintiff's allegations do not support even an inference that any alleged negligence by defendants was a proximate cause of plaintiff's damages (see Alden v Brindisi, Murad, Brindisi, Pearlman, Julian & Pertz ["The People's Lawyer"], 91 AD3d 1311, 1311 [4th Dept 2012]; Pyne v Block & Assoc., 305 AD2d 213, 213 [1st Dept 2003]). We have reviewed plaintiff's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court