Kivo v Louis F. Burke, P.C. (2020 NY Slip Op 05680)





Kivo v Louis F. Burke, P.C.


2020 NY Slip Op 05680


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 100135/14 Appeal No. 12039 Case No. 2019-2624 

[*1]Lewis Kivo, Plaintiff-Appellant,
v
Louis F. Burke, P.C., et al., Defendants-Respondents.


Mitchell L. Perry, White Plains, for appellant.
Lewis Kivo, appellant pro se.
Winget, Spadafora & Schwartzberg, LLP, New York (Anthony Douglas Green of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered January 23, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
To support a claim for legal malpractice, a plaintiff must "establish that [defendants] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015][internal quotation marks omitted]). An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if, "but for" the attorney's negligence, '"the plaintiff would have succeeded on the merits of the underlying action'" (id. at 50, quoting Ambase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]). Where a plaintiff prevailed in the underlying action and is claiming that his or her award should have been greater, they must show that, but for the defendant's negligence, the outcome "would have resulted in a higher award" (Agate v Herrick, Feinstein LLP, 57 AD3d 341, 342 [1st Dept 2008]). In this legal malpractice action, defendants, through their expert's affidavit, established prima facie entitlement to judgment as a matter of law by demonstrating that plaintiff could not prove that, but for their alleged negligence, he would have been awarded a greater recovery in an underlying FINRA (Financial Industry Regulatory Authority) litigation (see Nomura Asset Capital Corp. at 49-50 ; Agate 57 AD3d at 342 Defendants' showing was not refuted by plaintiff who was required to submit an expert affidavit in opposition. Absent an expert's affidavit, plaintiff's unsupported allegations that defendants' breached their duty of care by, among other things, not discovering certain proof to support his claims in the underlying action are insufficient to raise a triable issue of fact (see Tran Han Ho v Brackley, 69 AD3d 533, 534 [1 st Dept 2010], lv denied 15 NY3d 950 [2010]; Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen LLP, 23 AD3d 243 [1 st Dept 2005]). Plaintiff's dissatisfaction with how defendants conducted the arbitration hearing fails to amount to malpractice, absent a
showing that defendants' conduct was unreasonable (see Kassel v Donohue, 127 AD3d 674 [1 st Dept 2015], lv dismissed 26 NY3d 940 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020