Gross v Aronson, Mayefsky & Sloan, LLP (2020 NY Slip Op 06351)





Gross v Aronson, Mayefsky & Sloan, LLP


2020 NY Slip Op 06351


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 153274/17 Appeal No. 12268-12268A Case No. 2019-04997 

[*1]Jacqueline Toboroff Gross et al., Plaintiffs-Appellants,
v
Aronson, Mayefsky & Sloan, LLP, Defendant-Respondent.


Shapiro & Coleman, P.C., Mineola (Richard H. Coleman of counsel), for appellants.
Rivkin Radler LLP, New York (Deborah M. Isaacson of counsel), for respondent.



Order, Supreme Court, New York County (Anthony Cannataro, J), entered on or about July 11, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's first cause of action, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 10, 2019, which denied plaintiff's motion for leave to renew the dismissal of her first cause of action, and granted defendant's cross motion to renew the denial of its motion to dismiss plaintiff's second and fourth causes of action, and upon renewal, dismissed those causes of action, unanimously affirmed, without costs.
Supreme Court properly denied plaintiff leave to renew the dismissal of her first cause of action in which she alleged, essentially, that but for defendant's delay in freezing her and her husband's brokerage accounts, she would have been entitled to $365,398.50 as a distributive award (the amount withdrawn by the husband after the parties executed a stipulation in November 2014 that allowed him to access the brokerage accounts for certain purposes). Defendant established lack of causation as a matter of law by submitting the matrimonial post-trial decision awarding plaintiff 50% of the value of the brokerage accounts at the time the matrimonial action was commenced (CPLR 3211[a][1]; Brooks v Levin, 21 AD3d 731, 734 [1st Dept 2005] lv denied 6 NY3d 713 [2006]). Evidence of her husband's inability to pay her distributive award did not change this determination (CPLR 2221[e][2]), and plaintiff's remaining arguments on this claim amount to an improper attempt to reengineer her theory.
The motion court also properly dismissed plaintiff's second and fourth causes of action. Plaintiff's second cause of action, which alleges that defendant's failure to recover support arrears from the ex-husband caused her to pay for those expenses out-of-pocket, is refuted by her successor counsel's success in obtaining a judgment for those arrears (see Somma v Dansker & Aspromonte Assoc., 44 AD3d 376, 377 [1st Dept 2007]). As with the first cause of action, plaintiff did not allege that defendant's malpractice caused the ex-husband to become insolvent; thus, his inability to pay is irrelevant.
Plaintiff's fourth cause of action, which asserted that defendant's failure to move for an order of protection against the husband caused her to incur counsel fees in connection with her subsequent counsel's motion for the same relief, failed to allege proximate cause or damages (see Brooks at 734). Plaintiff provides no basis to infer that
the fees she would have incurred in connection with an earlier motion made by defendant would have been any lower than those incurred later with successor counsel. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020