Bachman-Richards v Pomeroy (2023 NY Slip Op 05431)

Bachman-Richards v Pomeroy

2023 NY Slip Op 05431

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

535469
[*1]Rachel J. Bachman-Richards, Appellant,
v
William J. Pomeroy et al., Respondents.

Calendar Date:September 12, 2023

Before:Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ.

Edward E. Kopko, Lawyer, PC, Ithaca (Edward E. Kopko of counsel), for appellant.
Costello, Cooney & Fearon, PLLC, Syracuse (Paul G. Ferrara of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered May 5, 2023 in Tompkins County, which, upon reargument, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff was formerly married to Benjamin Richards, with whom she had three children. In 2010, plaintiff consulted with attorney Jonathan Orkin about separating from Richards. Plaintiff then entered into negotiations with Richards and his attorney. During these negotiations, plaintiff relayed Richards' settlement offers to Orkin, who repeatedly and strongly advised her that the offers were unreasonable and that she should not accept them. Nevertheless, plaintiff proceeded to sign Richards' proposed settlement agreement, telling Orkin that she had her own reasons for doing so, including her wishes to move forward quickly, avoid protracted litigation and purchase her own home. Within several months of signing the agreement, however, plaintiff admitted to Orkin that she had made a "major error" in agreeing to Richards' terms and apologized to Orkin for not following his advice.
In 2011, Richards commenced a divorce action against plaintiff on the ground of living separate and apart for one year pursuant to the separation agreement. Plaintiff retained defendant William J. Pomeroy to represent her in the divorce action, seeking his assistance in having the separation agreement vacated. On plaintiff's behalf, Pomeroy filed a verified answer with counterclaims, alleging, among other things, that plaintiff had not been represented by counsel at the time she signed the separation agreement and that the terms in the agreement pertaining to equitable distribution, maintenance and child support were unconscionable. Richards then moved for summary judgment on this counterclaim, asserting that plaintiff had, in fact, consulted with Orkin and had signed the agreement against Orkin's advice and, further, that the agreement was not unconscionable. Supreme Court (Mulvey, J.) partially granted the motion, and the parties proceeded to engage in further settlement negotiations. Richards made an offer to plaintiff that included increased maintenance and a higher cash payment. After consulting with Pomeroy, plaintiff accepted this offer and signed a modified separation agreement. Shortly thereafter, a judgment of divorce, incorporating the modified agreement, was entered.
In 2015, plaintiff commenced this legal malpractice action against Pomeroy and his law firm, defendant Pomeroy, Armstrong, Casullo & Monty, LLP, alleging negligent representation in the divorce action. More specifically, plaintiff claimed that Pomeroy failed to fully investigate the value of a number of shares of stock owned by Richards, abandoned the agreed-upon course of seeking vacatur of the separation agreement on the ground of unconscionability, and instead rushed her to settle, thereby forfeiting her right to equitable distribution of the shares. Following joinder of issue, defendants moved for [*2]summary judgment, and Supreme Court (McBride, J.) denied the motion, after which defendants moved to reargue. Supreme Court (Burns, J.) then granted reargument and awarded summary judgment to defendants. Plaintiff appeals from both aspects of that decision, and we affirm.
In order to succeed on a legal malpractice claim, it is incumbent upon a plaintiff to demonstrate that the defendant "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, that this failure was the proximate cause of actual damages to [the] plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence. Upon [an] application for summary judgment, [the] defendant[ ] [is] required to present evidence in admissible form establishing that [the] plaintiff is unable to prove at least one of these elements" (Hufstader v Friedman & Molinsek, P.C., 150 AD3d 1489, 1489-1490 [3d Dept 2017] [internal quotation marks and citations omitted]; accord Kutzin v Katz, 207 AD3d 911, 914 [3d Dept 2022]). If this threshold is satisfied, the plaintiff must then submit competent proof raising a triable issue of fact (see Sevey v Friedlander, 83 AD3d 1226, 1226-1227 [3d Dept 2011], lv denied 17 NY3d 707 [2011]).
Against that backdrop, in support of their summary judgment motion, defendants submitted the expert affidavit of Robert F. Julian, a matrimonial attorney and former Supreme Court Justice who had handled several hundred matrimonial and support matters over 44 years in private practice and on the bench, including approximately 30 trials. Julian reviewed various documents, sworn affidavits and sworn deposition testimony and concluded that, contrary to plaintiff's claim that she signed the original separation agreement without the advice of counsel, plaintiff did, in fact, receive guidance from Orkin at that time and chose to disregard it. In Julian's opinion, once Pomeroy came to understand the full extent of prior counsel's involvement, he offered plaintiff reasonable alternatives to resolve the divorce action, knowing that plaintiff likely would be unsuccessful in having the original agreement set aside on the ground of unconscionability. To that end, Julian noted that, although Pomeroy had begun the process of investigating the value of Richards' shares of stock, it had become fruitless to continue pursuing equitable distribution of those shares in the absence of a likelihood that the agreement would be vacated. Thus, according to Julian, plaintiff was unable to establish any of the three elements of her legal malpractice claim, in that Pomeroy did not fail to exercise ordinary reasonable skill and knowledge under the circumstances, he was not the proximate cause of any damages suffered by plaintiff, and plaintiff would not have prevailed in an attempt to vacate the original agreement but for Pomeroy's purported negligence (see Hufstader v Friedman & Molinsek, P.C., [*3]150 AD3d at 1491; compare Schrowang v Biscone, 128 AD3d 1162, 1164 [3d Dept 2015]).
Through the submission of this expert affidavit, defendants established prima facie entitlement to judgment as a matter of law (see Kivo v Louis F. Burke, P.C., 187 AD3d 503, 503 [1st Dept 2020]; Nuzum v Field, 106 AD3d 541, 541 [1st Dept 2013]). As such, the burden shifted to plaintiff, who was required to provide her own expert affidavit to counter that of Julian, which she failed to do (see Kivo v Louis F. Burke, P.C., 187 AD3d at 503-504; Murray v Lipman, 162 AD3d 1659, 1659 [4th Dept 2018]; Nuzum v Field, 106 AD3d at 541; Tran Han Ho v Brackley, 69 AD3d 533, 534 [1st Dept 2010], lv denied 15 NY3d 707 [2010]; Ehlinger v Ruberti, Girvin & Ferlazzo, 304 AD2d 925, 926 [3d Dept 2003]). Reargument was therefore properly granted because Supreme Court (McBride, J.) misapplied the controlling law in finding that plaintiff, without an expert affidavit, had sufficiently raised a question of fact (see Davis v Zeh, 200 AD3d 1275, 1280 [3d Dept 2021]; Cascade Bldrs. Corp. v Rugar, 154 AD3d 1152, 1154 [3d Dept 2017]). Further, upon such reargument, summary judgment was appropriately awarded to defendants due to plaintiff's failure to raise the requisite triable issue of fact (see Kivo v Louis F. Burke, P.C., 187 AD3d at 503-504; Murray v Lipman, 162 AD3d at 1659; Nuzum v Field, 106 AD3d at 541).
Egan Jr., J.P., Lynch and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.