Kidron v Suris & Assoc., P.C. (2024 NY Slip Op 02503)

Kidron v Suris & Assoc., P.C.

2024 NY Slip Op 02503

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 33992/19 Appeal No. 2221-2222 Case No. 2023-02233, 2023-02235 

[*1]Adam Kidron, Appellant,
v
Suris & Associates, P.C., Respondent, Granite State Insurance Company et al., Defendants.

Michael P. Lagnado, New York, for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York (Ronald W. Weiner of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 30, 2023, dismissing plaintiff's legal malpractice action in its entirety, unanimously reversed, on the law, with costs, the judgment vacated, the complaint reinstated, plaintiff's cross-motion for leave to amend granted, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered March 28, 2023, which granted the motion of defendant, Suris & Associates, P.C. for summary judgment and implicitly denied plaintiff's cross-motion for leave to amend, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
"To recover damages for legal malpractice, the plaintiff must establish that the attorney (1) failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal community and (2) that such negligence was a proximate cause of the loss in question" (Ackerman v Nathan L. Dembin & Assoc., P.C., 194 AD3d 512, 513 [1st Dept 2021] [internal quotation marks omitted]). Defendant sought summary judgment exclusively on causation grounds—namely that plaintiff could not show that, "but for the attorney's negligence, the plaintiff would have succeeded on the merits of the underlying action" (Kivo v Louis F. Burke, P.C., 187 AD3d 503, 503 [1st Dept 2020] [internal quotation marks omitted]).
Issues of fact as to causation preclude summary judgment on plaintiff's malpractice claim arising from defendant's failure to pursue litigation against plaintiff's insurance carriers within the policies' two-year limitations periods. Plaintiff's policies with Granite State Insurance Company and Great Northern Insurance Company covered property damage but excluded loss caused by faulty workmanship. Plaintiff does not dispute that much of the damage to his home resulted from negligent workmanship by his contractors, Sun Dragon Industries and Sandro Darsin. However, plaintiff submitted evidence that his contractors' work caused leaks in the plumbing, which in turn caused extensive water damage. This evidence created an issue of fact whether the water damage would be covered under the policies' "ensuing loss" exceptions to the poor workmanship exclusions, as "collateral or subsequent damage" unrelated to the excluded peril (Narob Dev. Corp. v Insurance Co. of N. Am., 219 AD2d 454, 454 [1st Dept 1995], lv denied 87 NY2d 804 [1995]; see Ewald v Erie Ins. Co. of N.Y., 214 AD3d 1382, 1385 [4th Dept 2023]). Although there is evidence suggesting the Great Northern policy's dwelling coverage was not in effect at the time of the damage, the fact that Great Northern disclaimed coverage by invoking the policy's poor workmanship exclusion, rather than the non-existence of dwelling coverage on the premises, creates a dispute of fact on that issue.
Issues of fact as to causation likewise preclude summary judgment on plaintiff's claim arising from defendant's failure to complete proper service on Darsin [*2]in the underlying tort and contract litigation. Darsin was dismissed from the underlying action for improper service, but plaintiff succeeded in securing a judgment against Sun Dragon on default. The unexecuted construction contract in the record lists "Sandro Darsin c/o Sun Dragon Industries" as a party, and Sun Dragon's insurance carrier identified Darsin as the business's "principal and owner." Plaintiff's testimony that Darsin "had no [financial] means whatsoever" is insufficient to defeat causation, as "the ultimate collectability of any judgment that could have been obtained in the underlying action is not an element necessary to establish" a legal malpractice claim (Lindenman v Kreitzer, 7 AD3d 30, 31 [1st Dept 2004]).
The motion court implicitly denied plaintiff's cross-motion for leave to amend by granting summary judgment and dismissing the complaint without addressing the cross-motion (see Lupo v Pro Foods, LLC, 68 AD3d 607, 608 [1st Dept 2009]). Plaintiff appealed "each and every part of" the court's order. Plaintiff's proposed amended complaint and supporting documentation allege that defendant failed to notify Sun Dragon's and Darsin's insurance carrier of the underlying litigation despite knowing that it would be detrimental to plaintiff's ability to recover on an eventual judgment, that Century disclaimed coverage of Sun Dragon and Darsin because of the lack of notification, and that plaintiff was therefore forced to settle for less than two percent of the judgment. The proposed amendment would properly "conform" the pleading to this evidence (M Entertainment, Inc. v Leydier, 71 AD3d 517, 520 [1st Dept 2010]; see CPLR 3025[c]). Defendant would not be surprised or prejudiced by the amendment, as plaintiff alleged in the original complaint that defendant "failed to notify Sun Dragon's insurance carrier of the judgment," plaintiff asserted the relevant facts in his responses to interrogatories and questioned defendant's witness on the issue at his deposition, all before the close of discovery, and "[any] concerns about lack of discovery with respect to this claim could have been mitigated by the [motion] court" (Spitzer v Schussel, 48 AD3d 233, 234 [1st Dept 2008]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024